UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY G. LEE

                       Plaintiff

                                    **SECOND AMENDED COMPLAINT**
       -against-                                18 CV 1319 (BMC)


THE CITY OF NEW YORK, and                   Jury Trial Demand
POLICE OFFICER BRIAN LYONS TAX REG# 953026,
SGT HUGH BLACK Tax Reg 921992,
DTS MATTHEW CAHILL Shield#4139,
AND JOHN AND JANE DOES 1-5,

                       Defendants
------------------------------------------------------------------X

      Plaintiff ANTHONY LEE, by his attorney Edward Zaloba, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 USC §1983 and 42 USC §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §1983, §1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §1331, §1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

5.    Plaintiff respectfully demands a trial by Jury of all issues in this matter pursuant to

Fed R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, Anthony Lee, a citizen of the United States, and at all relevant times, is a resident of the City and State of New York.

7. Defendant, The City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, The City of New York maintains the New York City Police Department, a duly authorized public authority and/or police department.

9. That at all times hereinafter mentioned, the individually named defendants, Police Officer Brian Lyons, Sgt Hugh Black, Detective Cahill, and other unidentified New York City Police Officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties and under the color of state law.

10. Each and all of the acts of the defendant and other unidentified New York City police officers alleged herein were done by said defendant while acting within the scope of and in furtherance of their employment by defendant The City of New York.

11. All defendant officers are being sued in both their individual and official capacities.

## NOTICE OF CLAIM

12. That on or June 15, 2017, a Notice of Claim, was served upon the Comptroller of the CITY OF NEW YORK.

13. The a 50H hearing was conducted on October 24, 2017.

14. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

15. That this action is commenced within one year and ninety days after the causes of action arose and other causes of action within three (3) years when said action arose.

## STATEMENT OF FACTS

16. On March 31, 2017, at approximately 6:20 a.m. and thereafter, the defendants and other unidentified officers, forcefully entered the claimant's apartment located at 107-16 160th Street, Apt. 1A, in Queens, New York, ("subject premises") pursuant to an alleged search warrant.

17. Plaintiff was sleeping in his bedroom located at subject premises when the police knocked on his door.

18. Plaintiff awoke to open his bedroom door and he was immediately hit with a black shield and knocked to the floor by defendant Detective Cahill who then planted his foot on plaintiff's back.

19. The plaintiff was searched and cuffed immediately by Defendant Cahill and thereafter remained cuffed for a longer than necessary period of time.

20. The defendants allegedly possessed a search warrant that was limited to AK-47 style assault rifle, silver handgun, firearms, magazines, ammunition, gun casings, spent rounds and storage and/or containers for firearms and ammunition.

21. Plaintiff was neither in possession of any firearms and related materials nor was plaintiff selling drugs.

22. There were no accusations that Plaintiff was selling drugs.

23. That the subject premises is an apartment with 4 bedrooms, three of which are occupied by families and/or persons unrelated to plaintiff.

24. That defendants utilized a confidential informant when obtaining said warrant.

25. The confidential informant provided false and misleading information.

26. That the defendants Lyons and Black failed to conduct a reasonable investigation

to corroborate the confidential informant's story.

27. That defendants Lyons and Black procured a search warrant based on unreliable sources, who falsified information to the judge that plaintiff was engaged in the trafficking and possession of firearms, ammunition etc.

28. Based upon the false uncorroborated information provided by Lyons and Black and confidential informant, the judge issued a search warrant that covered the entire premises.

29. That the warrant and its application failed to both adequately describe said premises as well as failed to sufficiently particularize said location.

30. Defendants executed this improperly obtained warrant on the subject premises.

31. That after defendants Lyons and Black failed to find any evidence of the nature described in the warrant, the search became an investigatory search to find evidence against plaintiff and cover the defendants' illegal and unlawful acts.

32. That defendants Lyons and Black continued to fabricate charges against plaintiff by alleging that cocaine and heroin had been found.

33. That said search became overboard and not reasonably related in scope to said search warrant's purpose.

34. That the alleged substances found were neither cocaine nor heroin.

35. That the plaintiff was charged with B Felony – possession with intent to sell, and other misdemeanor and violations.

36. Due to serious nature of the fabricated charges plaintiff had bail of $50,000 set and remained incarcerated for 26 days.

37. The defendants' execution of said warrant and subsequent arrest and prosecution of the plaintiff was unreasonable and displayed a conscious decision to ignore the facts and circumstances existing at said time.



38. That the defendants Lyons and Black falsified documents, fabricated reports and court records and withhold vital information from the prosecutor.

39. That the defendants Lyons and Black and unknown officers herein failed to intervene to cease the unlawful acts and malicious prosecution of the defendant.

40. That plaintiff's case was dismissed and sealed on April 25, 2017.

41. As a result of the defendants' conduct the plaintiff suffered the loss of liberty, imprisonment, plaintiff sustained emotional distress, embarrassment, humiliation, loss of residence and deprivation of his constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Search and Seizure/Excessive Force)

42. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

43. That the defendants Lyons and Black obtained the warrant based upon false and unreliable information.

44. Defendants Lyons and Black utilized a confidential informant to obtain said warrant.

45. Upon information and belief, the confidential informant utilized had no prior history with defendant Lyons to establish that the confidential informant was trustworthy and reliable.

46. Upon information and belief, the confidential informant utilized had no prior history with defendant Black to establish that the confidential informant was trustworthy and reliable.

47. Upon information and belief, defendants Lyons and Black failed to investigate the confidential informant's reliability and track record prior to presenting him to the Court.

48. Upon information and belief, neither defendant Lyons nor Black informed the Court that the confidential informant had no prior instances of reliability and had not been utilized before.

49. Defendants Lyons and Black failed to conduct an investigation to corroborate and verify the confidential informant's story.

50. Defendants Lyons and Black failed to minimize the danger of an unlawful arrest occurring.

51. Defendants Lyons and Black unjustified reliance upon confidential informant provided false information to the criminal court judge to obtain the search warrant.

52. Defendants' search warrant failed to adequately describe the premises, and moreso, defendant's search warrant failed to describe with sufficient particularity the location to be searched.

53. Defendants were deliberately indifferent to the fact that an innocent person might actually live at the subject premises.

54. Defendants' execution of said search warrant was improper, over broad and not reasonably related in scope to the objective of the search warrant.

55. Defendants Lyons and Black search of said premises produced no evidence as set forth in said warrant; defendants' Lyons and Black search became investigatory in effect to discover any evidence that could be used against plaintiff.

56. Plaintiff was seized without any cause let alone probable cause and was not free to leave.

57. Defendants Lyons and Black fabricated evidence and completed a criminal court complaint and police reports stating that plaintiff was in possession of cocaine and heroin etc., and falsely arrested him on these serious charges.

58. There was no probable cause for the arrest or the continued incarceration of plaintiff.

59. Defendant Cahill used excessive force against plaintiff. The amount of force used was clearly unreasonable under the circumstances.

60. Plaintiff suffered injuries from the use of excessive and unreasonable force against him.

61. As a result of the aforementioned conduct of defendant, plaintiff's constitutional rights to be free from false arrest, unreasonable search and seizure and free from excessive use of force was violated and he sustained injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process Fair Trial)

62. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

63. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

64. Defendants Lyons and Black planting of evidence on plaintiff violated plaintiff's due process where defendant willfully withheld Brady materials from the prosecutor.

65. That Defendants Lyons and Black took powders from a common closet next to a bathroom and intentionally decided it was cocaine and caused plaintiff to be charged with possessing same and alleged it to be in excess of ½ oz.

66. That the defendants Lyons and Black alleged to find and seized a scale in plaintiff's room one alleged to have a quantity of cocaine on it. This was untrue.

67. That the defendants Lyons and Black alleged plaintiff to possess a scale with a quantity of cocaine on it in the common kitchen area. There was no cocaine on it – this was untrue as well.

68. That the defendants Lyons and Black erroneously alleged plaintiff to have a refrigerator in his room and that plaintiff had 2 capsules of heroin thereon. These allegations are false as plaintiff had no refrigerator in his room nor heroin.

69. Defendants also utilized some of the powders alleged to be narcotics herein to charge another occupant of the apartment. There were at least 2-3 occupants of the apartment who were not charged.

70. Defendants Lyons and Black's fabrication of evidence and withholding of exculpatory information deprived plaintiff of liberty and violated plaintiff's due process rights and denied plaintiff the right to a fair hearing and trial. Defendants' fabricated information that plaintiff was in custody, control or possession of the contraband and thus falsified that he could be charged with serious crimes.

71. As a result of this fabrication, plaintiff was denied a fair hearing at his bail review and plaintiff had excessive bail set.

72. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing emotional injuries and other harm to plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

73. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

74. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

75. That said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights. The malicious prosecution ceased when the matter was dismissed and sealed on April 25, 2017.

76. That defendants Lyons and Black and other unidentified officers swore falsely as to the alleged criminal actions in an arrest reports, complaint reports and defendant Lyons in the criminal court complaint/affidavit. These were forwarded to the District Attorney's Office. Thus defendants

commenced criminal proceedings against plaintiff without probable cause.

77. That the defendants Lyons and Black and other unidentified officers misrepresented and falsified evidence before the District Attorney that plaintiff had possessed items that plaintiff never did and that plaintiff was guilty of crimes that plaintiff never committed and that the defendant did not make a complete and accurate statement of facts to the prosecutor and withheld exculpatory evidence from the District Attorney thereby demonstrating malice.

78. That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

79. That the defendants acted with malice to initiate criminal proceedings against the plaintiff.

80. That the defendants were directly and actively involved in the construction of the criminal proceeding against the plaintiff.

81. That defendants acted with malice in their continuation of said false charges.

82. That defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

83. Notwithstanding the prejudice and fraudulent conduct of the defendants, the criminal proceeding were terminated in plaintiff's favor and all charges against him were dismissed. Defendant never retracted the false charges nor inform the District Attorney's Office that the charges were baseless. As a result the criminal proceeding proceeded for almost a month.

84. That the plaintiff was wholly innocent of all charges. The charges against plaintiff were eventually dismissed on April 25, 2017.

85. That the defendants and other unidentified officers who knew of the commencement and continuation of the malicious prosecution of the plaintiff is liable to the

plaintiff via his failure to exercise his affirmative duty to intervene.

86. That as a result of the above conduct, the defendants' malicious prosecution caused plaintiff's his loss of liberty and other emotional injuries and that the plaintiff was otherwise harmed and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Eighth Amendment-Excessive Bail)

87. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

88. Defendants trumped up serious charges against plaintiff and accused him of serious crimes.

89. When plaintiff was brought before the arraignment judge, the judge took into account the serious nature of the charges.

90. Due to defendants' falsely accusing plaintiff of serious crimes, plaintiff received excessive bail and remained incarcerated. Plaintiff's right to not be subjected to excessive bail was interfered with because defendants' presented false facts and information to both the judge and Assistant District Attorney handling said matter. Defendants falsely stated that plaintiff possessed quantities of cocaine and heroin with the intent to sell, when they knew that plaintiff was innocent.

91. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(State and Federal Claims against Defendant City)

92. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

93. At all times material to this complaint, the defendant City of New York, acting through its police department, the New York City Police Department, had in effect de facto

policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

94. The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

95. The defendants City of New York Through the New York City Police Department, failed to effectively Train its police officers like defendants Lyons and Black.

96. Failure of defendant City was deliberately indifferent and the casual connection between the act by the defendants Lyons and Black that led to the deprivation of plaintiff's constitutional rights.

97. Defendant City was deliberately indifferent to the plaintiff's rights by failing to train its officers like defendants Lyons and Black.  Defendant City knew that an officer would encounter a particular situation and given a difficult choice on whether to proceed in a lawful manner or not.  Despite being aware that the officer would face a given situation defendant City failed to train its New York Police Department Officers.  For example, City failed to train officers on what constitutes probable cause to obtain a search warrant, failed to train its officers that they can only obtain a search warrant from reliable confidential informants and that the confidential informants have to be reliable and have proven track history of trustworthiness before the information given by them is used in an application for a search warrant.  But for the officer's failure to look at totality of the circumstances, the officers routine use of unverified and unreliable confidential informants to obtain search warrants like in this case and inevitably leads to false information being provided to the Judge and resulting in faulty search warrants and innocent people getting swept up when the search warrant does not reveal the seized items as being the ones that were being looked for initially.

98. Despite being aware of this deficiency in training, defendant City failed to train the officers and it invariably resulted in violation of civil rights like plaintiff. But for City's lack of training, protocols, officers would not have had to make a difficult choice and make the wrong choice that results in violation of Fourth Amendment Rights of individuals like plaintiff.

99. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

    (a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

    (b) Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors.

    (c) Has failed to properly train, instruct, and discipline police officers with regard to investigating and verifying confidential informant's information and story;

    (d) Has failed to properly instruct, train and discipline police officers who arrest persons without probable cause where they fail to properly identify controlled substances.

100. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

101. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

102. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered pain and suffering and was otherwise harmed, damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
(State Law Claim- False arrest/imprisonment)

103. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

104. By the actions described above, the defendants and other unidentified officers, falsely seized and arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The defendants intended to confine plaintiff, plaintiff was aware of his confinement and did not consent to said confinement. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

105. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(State Law Claim- Negligence)

106. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

107. Defendants and other unidentified officers, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a)    failed to perform their duties as reasonable and prudent officers where the defendant(s) officers seized, cuffed and arrested plaintiff, where defendant officers recklessly state that powders and household items are in fact narcotics without reasonably examining same.

    (b)    failed to perform their duties as reasonable and prudent officers where given the facts herein the officer failed to notify the prosecutor immediately that the subject of said warrant was not recovered, and failed to report that the substance was not a narcotic drug,

(c)     hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to fabricate and plant evidence against innocent persons where there was no probable cause for an arrest;

(d)     failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) the obligation of police officers to intervene, as an affirmative duty to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

(e)     failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

108. Defendants and other unidentified officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff, ANTHONY LEE. The acts and conduct of the defendants were reasonably foreseeable and were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

109. All of these acts were performed without any negligence on the part of the plaintiff and were the proximate cause of injuries to him.

110. As a result of the foregoing, plaintiff sustained great emotional and physical injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene)

111. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

112. Each and every individual defendant officer and unidentified officers had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights

113. The individual defendant officers and unidentified officers failed to intervene on plaintiff, ANTHONY LEE's behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so. Defendants saw the violation of Plaintiff's constitutional rights. Defendants had an opportunity to step in and prevent the further violation of plaintiff's

constitutional rights. Despite being aware of the rights being violated and the opportunity to intervene to prevent that violation, defendant A) failed to stop defendant, and B) from continuing said violation. As such, defendants is a liability for failure to intervene.

114. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to use of excessive force and other violations of his constitutional rights.

## AS AND FOR A NINETH CAUSE OF ACTION
(State Law Claim - Assault and Battery)

115. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

116. By the actions described above, defendant Cahill and other unidentified police officers while in the scope of their employment, maliciously, willfully and intentionally committed assault and battery upon the plaintiff with apparent ability and objective to cause imminent harm and offense bodily harm and subjected plaintiff to physical injury and harm and embarrassment and humiliation. The defendant and unidentified officers intentional willfully and maliciously battered plaintiff, when they, in a hostile and offensive manner struck plaintiff without his consent and with the intentions of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery. The acts and conduct of the defendant and other unidentified police officers were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

117. As a result of the foregoing, plaintiff sustained great emotional injuries, was subject to great humiliation, physically harmed and was otherwise harmed, damaged and injured.

## AS AND FOR A TENTH CAUSE OF ACTION
(State Law- Negligent hiring/training/supervision/retention)

118. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

119. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendant and unidentified officers who conducted and participated in the use of excessive force and other violations of plaintiff's civil rights. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendant who conducted and participated in the seizure, the use of excessive force and violations of plaintiff's civil rights.

120. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendant Police Officer herein and other unidentified officers, to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(State law claim – Respondeat Superior)

121. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

122. The conduct of defendants and other unidentified police officers alleged herein, occurred while they were on duty, in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant CITY OF NEW YORK. The acts and conduct of the defendants and other unidentified officers were the direct and proximate cause of injury and damage to plaintiff ANTHONY LEE and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

123. As a result of the foregoing, plaintiff was deprived of his constitutional rights, subjected to the use of excessive force and sustained great emotional and physical injuries, were subject to great humiliation, and were otherwise harmed, damaged and injured.

124. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

**AS AND FOR A TWELVTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983**
(State law claim – ABUSE OF PROCESS)

125. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

126. The Defendants Lyons and Black issued legal process to place plaintiff under arrest and charged the plaintiff to cover up their reckless and unjustified procurement of a warrant to conceal their unlawful conduct towards the plaintiff.

127. That due to their failure to conduct an investigation of both the confidential informant and his alleged story – the defendant could be subject to disciplinary and/or discharge. That in order to protect themselves and their wrongful conduct they continued with the process to save their jobs, reputation and possible discipline and charges.

128. The Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

129. The Defendant officers acted with intent to do harm to plaintiff without excuse or justification.

130. The Defendant officers aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

131. As a result of defendants' conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was

otherwise harmed damaged and injured.

**WHEREFORE**, the plaintiff demands the following relief jointly and severally against all of the defendants:

    A.    Compensatory and Punitive damages as awarded by a jury;

    B.    Costs, fees and expenses;

    C.    Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:    Queens, New York  
           July 9, 2018

Yours, etc.,

EDWARD ZALOBA, Esq.  
118-21 Queens Boulevard, Ste. 504  
Forest Hills, New York 11375  
(718) 261-3000